UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELDRICK COOK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-1882** |
| **NATHAN BURL CAIN, II** | **SECTION: "N"(1)** |

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Eldrick Cook,[1] is a state prisoner incarcerated at the Avoyelles Correctional Center in Cottonport, Louisiana. On January 27, 2011, he pleaded guilty to armed robbery under Louisiana law and was sentenced to a term of thirty years imprisonment.[2]

Over the next few years, petitioner filed repeated motions and other applications in the state courts seeking to obtain a copy the transcript of the plea colloquy.

---

[1] Petitioner's surname appears in the state court record as both "Cook" and "Coon."
[2] State Rec., Vol. 1 of 2, minute entry dated January 27, 2011; State Rec., Vol. 1 of 2, guilty plea form.

On or after May 26, 2015, petitioner then filed the instant federal application seeking *habeas corpus* relief.[3] In support of his application, he claims that his guilty plea was not voluntarily and intelligently entered. The state has filed a response arguing that the application is untimely.[4]

After filing this federal application, petitioner filed an application for post-conviction relief with the state district court on or about July 25, 2015.[5] In its response in this proceeding, the state indicates that the post-conviction application currently remains pending in the state district court.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") included a statute of limitations for petitioners seeking federal *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Specifically, the AEDPA provided:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[3] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the memorandum accompanying his petition on May 26, 2015, see Rec. Doc. 3, p. 21; therefore, it could not have been delivered to prison authorities for mailing prior to that date.
[4] Rec. Doc. 10.
[5] State Rec., Vol. 2 of 2.

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner argues that Subsection (B) applies in the instant case.[6] Specifically, he argues that the state's failure to provide him with a copy of the plea colloquy transcript until after expiration of the state and federal deadlines for seeking collateral review constituted a state-created impediment which prevented him from seeking relief in a timely manner. The state counters that petitioner's argument is meritless. The state is correct, in that federal courts have repeatedly held that problems associated with obtaining transcripts and trial records do not amount to "state-created impediments" triggering Subsection (B). See, e.g., Crain v. Director, TDCJ-CID, Civ. Action No. 6:11cv214, 2012 WL 651730, at *3 (E.D. Tex. Feb. 27, 2012); Plummer v. Mississippi Department of Corrections, Civ. Action No. 4:11cv6, 2011 WL 6965656, at *4 (S.D. Miss. Dec. 16, 2011), adopted, 2012 WL 70349 (S.D. Miss. Jan. 9, 2012).

Regarding Subsection (B), the United States Fifth Circuit Court of Appeals has explained: "In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was *prevented* from filing a petition (2) by State action (3) *in violation of the Constitution or federal law*." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003) (emphasis added); accord Wickware v. Thaler, 404 Fed. App'x 856, 862 (5th Cir. 2010) (A petitioner "can only prevail in applying § 2244(d)(1)(B) by showing that the state's actions were so egregious as to constitute *a violation of the United*

---

[6] Rec. Doc. 3, p. 16.

3

*States Constitution.*" (emphasis added)). In this case, petitioner's argument that Subsection (B) applies fails for two reasons: the state court's failure to provide him with a free transcript neither violated the federal Constitution nor "prevented" him from seeking relief.

As an initial matter, it must be noted that the United States Constitution does not automatically require that a prisoner be provided upon request with a free copy of a transcript for the purposes of seeking collateral review. See, e.g., United States v. MacCollom, 426 U.S. 317, 323-24 (1976); Deem v. Devasto, 140 Fed. App'x 574, 575 (5th Cir. 2005); Crawford v. Costello, 27 Fed. App'x 57, 59 (2nd Cir. 2001) ("Under 28 U.S.C. § 2244(d)(1)(B), the statute of limitations may be tolled during the time that a state-created unconstitutional impediment prevents the petitioner from filing a petition. Because there is no constitutional right to a trial transcript for collateral appeals, the state's denial of his request for a transcript did not constitute an unconstitutional impediment sufficient to toll the statute of limitations.").

Further, in any event, the state-court delays in providing petitioner with a copy of the transcript in no way "prevented" him from seeking relief. He was present for the guilty plea and, therefore, aware of the alleged defects in the proceeding. Accordingly, *even without a copy of the transcript*, he could have filed a state post-conviction application claiming, as he does now, that his plea was involuntary and unintelligent. See Brown v. Cain, 112 F. Supp. 2d 585, 587 n.2 (E.D. La.) ("Because an inmate does not have an automatic right to free transcripts, the Louisiana State Courts accept post-conviction relief applications without transcripts attached."), aff'd, 239 F.3d 365 (5th Cir. 2000); State ex rel. Bernard v. Criminal District Court Section "J," 653 So.2d 1174, 1175 (La. 1995) (holding that a prisoner who has "identified with factual specificity … constitutional claims he argues will entitle him to post conviction relief" may "file an application

which lacks any supporting documentation without fear of summary dismissal under La.C.Cr.P. art. 926(E)."). Upon filing such an application "identif[ying] specific constitutional errors in the proceedings leading to his conviction and sentence," he would then have been entitled to a free copy of transcript under state law simply by showing a "particularized need" for the transcript, i.e. by showing that the transcript was necessary to resolve his claims fairly. Bernard, 653 So.2d at 1175. **Further, while those proceedings were pending in the state courts, he could have timely filed a protective federal *habeas corpus* petition and asked that the federal proceedings be stayed while he pursued his state-court remedies**. See, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005); Madden v. Thaler, 521 Fed. App'x 316, 321 (5th Cir. 2013). As a result, the state-court delays in providing the transcript in no way "prevented" petitioner from seeking relief.

For the foregoing reasons, it is clear that Subsection (B) does not apply. Moreover, petitioner does not allege that Subsections (C) or (D) applies, and they obviously do not because his claim involves neither a newly recognized constitutional right nor a newly discovered factual predicate. Accordingly, as the state correctly argues in its response, Subsection (A) applies in this case, and, for the following reasons, petitioner's application is untimely under that subsection.[7]

As noted, under Subsection (A), a petitioner must bring his § 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." On that point, the United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes

---

[7] Because the application is in fact untimely, the undersigned need not, and does not, address the state's alternative arguments for dismissal.

> final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). *However, "[i]f the defendant stops the appeal process before that point," … "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).*
>
> *Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.*

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008) (emphasis added).

Petitioner pleaded guilty and was sentenced on January 27, 2011. Because he did not file a direct appeal within the thirty days allowed by state law, his state criminal judgment then became final no later February 28, 2011.[8] Accordingly, his period in which to file his federal application for *habeas corpus* relief commenced on that date and expired one year later on February 28, 2012, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

During the applicable one-year limitations period in the instant case, the only state motions and applications petitioner filed were those requesting production of the transcript. However,

---

[8] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal). Under Louisiana law, a criminal defendant has thirty days to file a motion to appeal his conviction or sentence. La.Code Crim. P. art. 914. Because the thirtieth day here fell on a Saturday, petitioner had until Monday, February 28, 2011, to file an appeal. See La. Code Crim. P. art. 13; La. Rev. Stat. Ann. § 1:55.

6

those filings are of no moment in this federal proceeding. It is clear that applications seeking transcripts or other documents are not considered "application[s] for State post-conviction or other collateral review" for tolling purposes because they are preliminary in nature and do not directly call into question the validity of a petitioner's conviction or sentence. Higginbotham v. Tanner, Civ. Action No. 10-1130, 2011 WL 3268128, at *1 (E.D. La. July 29, 2011); Parker v. Cain, Civ. Action No. 02-0250, 2002 WL 922383, at *2 n.22 (E.D. La. May 1, 2002), certificate of appealability denied, No. 03-30107 (5th Cir. June 23, 2003); Boyd v. Ward, Civ. Action No. 01-493, 2001 WL 533221, at *4 (E.D. La. May 15, 2001), certificate of appealability denied, No. 01-30651 (5th Cir. Aug. 22, 2001). Therefore, petitioner is not entitled to statutory tolling.

The Court must next consider equitable tolling. The United States Supreme Court has expressly held that the AEDPA's statute of limitations is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 649 (internal quotation marks omitted); accord Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).

Here, to the extent that petitioner is perhaps arguing that he is entitled to equitable tolling based on the delays in obtaining a copy of the transcript, any such argument has no merit. Brown v. Cain, 112 F. Supp. 2d 585, 586-87 (E.D. La.), aff'd, 239 F.3d 365 (5th Cir. 2000); see also Plummer v. Mississippi Department of Corrections, Civ. Action No. 4:11cv6, 2011 WL 6965656,

7

at *5 (S.D. Miss. Dec. 16, 2011), adopted, 2012 WL 70349 (S.D. Miss. Jan. 9, 2012).  Moreover, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling on any other basis, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

The Court also notes that the United States Supreme Court recently held: "[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." McQuiggin v. Perkins, 133 S. Ct. 1924, 1928 (2013). That said, the Supreme Court took care to note: "We caution, however, that tenable actual-innocence gateway pleas are rare:  '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  McQuiggin, 133 S. Ct. at 1928 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  By entering his unconditional plea, petitioner has already conceded under oath that he in fact committed and was guilty of the crime of which he stands convicted.  Further, even if McQuiggin applies in the context of a guilty plea, a point which is by no means clear,[9] petitioner has not made a colorable showing that he is actually innocent in light of "new evidence."

Because petitioner is not entitled to statutory tolling, and because he has not established that he is eligible for equitable tolling or that the McQuiggin "actual innocence" exception applies, his federal application for *habeas corpus* relief had to be filed no later than February 28, 2012, in

---

[9] Some courts have held that McQuiggin's actual innocence exception does not apply where the petitioner pleaded guilty.  See, e.g., Jackson v. United States, No. 13-CV-818, 2013 WL 5295701, at *3 (E.D. Wis. Sept. 18, 2013); Sidener v. United States, No. 11-CV-3085, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013).

order to be timely. His federal application was not filed until on or after July 25, 2015, and, therefore, it is untimely.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eldrick Cook be **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[10]

New Orleans, Louisiana, this eighth day of October, 2015.

SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE

---

[10] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.